IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Hendrix Z. Zikomo, a/k/a Zikomo Z. Hendrix, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Teal Johnson, Courtney Rea, Brittany Scott, Greenville County 20 Magee Street 29601, Henry McMaster, James Elwood Hudson, )<br>)<br>)<br>)<br>)<br>Defendants. )<br>_____ ) | Case No. 6:22-cv-01471-DCC<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Complaint and Supplemental Complaint alleging violations of his constitutional rights. ECF Nos. 1, 1-2, 1-3. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On May 2, 2022, the Magistrate Judge issued a Report recommending that the Complaint be dismissed without issuance and service of process. ECF No. 14. Since the filing of the Report,

Plaintiff has filed objections, two letters,[1] a petition for writ of habeas corpus,[2] additional attachments to the petition for writ of habeas corpus,[3] a motion to relieve Rodney Richard,[4] and a motion of correct status breach of contract.[5] ECF Nos. 17, 19, 20, 21, 22, 23, 24.

---

[1] The first letter requests that Teal Johnson be relieved as his counsel in his state criminal action. ECF No. 19. This Court is unable to rule on matters in Plaintiff's state criminal case. The second letter alleges that his mail has been tampered with. ECF No. 20. To the extent Plaintiff intends to raise a claim that he has been denied access to courts, he has failed to allege a specific harm that has resulted from the allegedly denied access. *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993) (holding that a prisoner must "show specific harm or prejudice from the allegedly denied access"). It does not appear that Plaintiff has missed any deadline in this or any other action, and he has been able to file numerous documents. The Court has also thoroughly reviewed this document for any liberally construed objections to the Report.

[2] With respect to the petition for writ of habeas corpus, the Magistrate Judge afforded Plaintiff an opportunity to either proceed with this action pursuant to 42 U.S.C. § 1983 or 28 U.S.C. § 2254. ECF No. 5; *see also* ECF No. 21. As explained in the Report, Plaintiff returned the § 1983 complaint form; accordingly, the Magistrate Judge concluded that Plaintiff intended bring his claims pursuant to § 1983. To the extent Plaintiff now intends to bring a habeas action, the Court will address this below. The Court has also thoroughly reviewed this document for any liberally construed objections to the Report.

[3] The Court has also thoroughly reviewed this document for any liberally construed objections to the Report.

[4] In this document, Plaintiff requests that his counsel in the state criminal case be relieved. ECF No. 23. This Court is without any authority to provide the relief requested, accordingly, this motion is denied. The Court has also thoroughly reviewed this document for any liberally construed objections to the Report.

[5] Upon review of this document, it is unclear what relief Plaintiff is requesting. As this action is subject to summary dismissal, as explained below, the motion is denied. The Court has also thoroughly reviewed this document for any liberally construed objections to the Report.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge recommends summary dismissal of this action because each Defendant is entitled to dismissal; Plaintiff's request for release from custody is barred by *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); Plaintiff's claims for injunctive relief related to his pending state criminal charges and not properly before this Court pursuant to *Younger v. Harris*, 401 U.S. 37 (1971); and Plaintiff has failed to state a claim upon which relief can be granted. ECF No. 14.

Upon review of Plaintiff's numerous filings, the Court finds that he has not specifically objected to the recommendations of the Magistrate Judge. Nevertheless, out of an abundance of caution for a pro se Plaintiff, the Court has conducted a de novo

review of the record, the Report, and the applicable law. Upon such review the Court agrees with the recommendation of the Magistrate Judge. The Court specifically notes that the Magistrate Judge provided a thorough explanation as to why each Defendant is entitled to summary dismissal, which the Court adopts and incorporates into this Order by reference. *See* ECF No. 14 at 9–13.

## CONCLUSION

Accordingly, the Court agrees with the recommendation of the Magistrate Judge. This action is **DISMISSED** without issuance of service of process. Because Plaintiff cannot cure the defects identified above, the Court declines to automatically give him leave to amend his Complaint. Plaintiff's motions to relieve Rodney Richard [23] and of correct status breach of contract [24] are **DENIED**. To the extent Plaintiff intends to now bring a habeas action, the Clerk of Court is directed to mail him a blank 28 U.S.C. § 2241 form. If Plaintiff returns the form, it will be opened as a new action.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 6, 2022
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.